UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
SHERRINA BRADSHAW,

                Plaintiff,

                -against-

CITY OF NEW YORK and CAPTAIN PELLETIER,

                Defendants.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

18 Civ. 8944 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Sherrina Bradshaw, a probationary corrections officer with the New York City Department of Correction, brought this action against Defendants City of New York and Correction Captain Pelletier for violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213. (Am. Compl., ECF No. 11.) Plaintiff also brought claims pursuant to the Rehabilitation Act, 29 U.S.C. §§ 701–797(b), and the Fourteenth Amendment, enforceable under 42 U.S.C. § 1983, which she later withdrew. (*Id.*) Plaintiff asserted that the City discriminated against her due to her alleged disability and failed to grant her a reasonable accommodation, and that Pelletier sexually harassed and discriminated against her due to Plaintiff's gender. (*Id.*)

On December 13, 2018, Defendants moved to dismiss the claims in the amended complaint under Federal Rule of Civil Procedure 12(b)(6). (Notice of City Def.'s Mot. to Dismiss the Am. Compl., ECF No. 12.) In response, on January 22, 2019, Plaintiff moved to amend or correct her amended complaint, attaching a proposed second amended complaint. (Notice of Mot., Ex. 1 (Pl.'s Second Am. Compl.), ECF No. 23-1.) On July 12, 2019, by Memorandum Decision and Order, this Court granted Defendants' motion to dismiss, denied Plaintiff's motion to amend the complaint for a second time, and directed the Clerk of the Court to close the case. (Mem. Decision

and Order ("Order"), ECF No. 39.) Plaintiff was represented by counsel throughout these proceedings.

Shortly thereafter, on July 15, 2019, the Clerk of the Court entered a judgment, attaching a notice outlining Plaintiff's right to appeal, advising Plaintiff that "[she] must file [her] notice of appeal in this Court within 30 days after the judgment or order that [she] wish[es] to appeal is entered on the Court's docket," in accordance with Federal Rule of Appellate Procedure 4(a). (Clerk's J., ECF No. 40; Clerk's J., Ex. 1 (Right to Appeal), ECF No. 40-1, at 1.) Further, the notice informed Plaintiff that "[i]f [she is] unable to file [her] notice of appeal within the required time, [she] may make a motion for extension of time, but [she] must do so within 60 days from the date of entry of the judgment . . . and show excusable neglect or good cause" for failing to file the notice by the deadline. (Clerk's J., Ex. 1 (Right to Appeal), at 1.) The notice attached a blank fillable form titled "Notice of Appeal," which the notice explained "is a *one-page* document containing [her] name, a description of the final order or judgment (or part thereof) being appealed, and the name of the court to which the appeal is taken (the Second Circuit)—it *does not* include [her] reasons or grounds for the appeal." (*Id.*)

Despite having received this notice, Plaintiff did not file a notice of appeal by the Rule 4(a)(1)(A) deadline. Instead, 35 days after the entry of judgment, on August 19, 2019, Plaintiff filed *pro se* (1) a motion for an extension of time to file an appeal, (2) a motion for leave to proceed *in forma pauperis* on appeal, and (3) a notice of appeal. (Mot. for Extension of Time to File Notice of Appeal ("Pl.'s Mot."), ECF No. 41; Mot. for Leave to Proceed in Forma Pauperis on Appeal, ECF No. 42; Notice of Appeal, ECF No. 43.) In her motion, Plaintiff stated that she had failed to timely appeal because although she "met with several attorneys . . . [, she] could not obtain an

2

affordable attorney to handle the appeal." (Pl.'s Mot.) Plaintiff further claimed that she "must act pro se and needed additional time to learn how to do so." (*Id.*)

"The requirement of a timely filing of a notice of appeal is mandatory and jurisdictional." *Cohen v. Empire Blue Cross & Blue Shield*, 142 F.3d 116, 118 (2d Cir. 1998) (per curiam) (citation omitted). Additionally, "[t]he power of the federal courts to extend the time limits on the invocation of appellate jurisdiction is severely circumscribed." *Mendes Junior Int'l Co. v. Banco Do Brasil, S.A.*, 215 F.3d 306, 312 (2d Cir. 2000). Pursuant to Rule 4(a)(5)(A)(ii), a district court may extend the filing deadline if a party "shows excusable neglect or good cause" and asks for the extension within 30 days after the filing deadline. Specifically, "[t]he excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant." *Al-Qadaffi v. Servs. for the Underserved et al.*, No. 13 Civ. 8193 (WHP), 2015 WL 3401045, at *1 (S.D.N.Y. Apr. 27, 2015) (citing Fed. R. App. P. 4 advisory committee's note to 1993 amendment). On the other hand, "[t]he good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." *Id.*

As an initial matter, the "good cause" standard does not apply to Plaintiff's situation because her failure to timely file a notice of appeal was not due to circumstances beyond her control. Although Plaintiff submits that "[she] could not obtain an affordable attorney to handle the appeal" and that she "must act pro se and needed additional time to learn how to do," (Pl.'s Mot.), Plaintiff has not specifically shown exceptional situations beyond her control that prevented her from acting in a timely manner. Plaintiff could still have filed a notice of appeal within the 30-day time period while searching for new counsel. Thus, Plaintiff's circumstances can hardly

3

constitute good cause. Accordingly, this Court must apply the "excusable neglect" standard instead.

In assessing excusable neglect, the Supreme Court has identified four factors to consider: "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd.*, 507 U.S. 380, 395 (1993)). The Second Circuit has clarified that "despite the flexibility of 'excusable neglect' and the existence of the four-factor test in which three of the factors usually weigh in favor of the party seeking the extension, we and other circuits have focused on the third factor: the reason for the delay, including whether it was within the reasonable control of the movant." *Silivanch*, 333 F.3d at 366. In evaluating the reason for the delay, the Second Circuit has explained that "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule and . . . we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Id.* at 366–67 (internal alterations and citation omitted).

Applying these standards to the facts in this action, Plaintiff's failure to timely file a notice of appeal within 30 days after judgment, due to her *pro se* status post-judgment, does not constitute excusable neglect. *See Aponte v. Liggett Grp.*, No. 13 Civ. 569 (JMF), 2014 WL 2207995, at *1–2 (S.D.N.Y. May 23, 2014) (denying *pro se* plaintiffs' motion for an extension of time to file a notice of appeal, which motion was filed within 60 days from the date of entry of judgment, where their sole explanation for failing to file a notice of appeal within 30 days was that they are *pro se* and thus "needed time to 'research' and 'prepar[e] their respective documents to submit to the

4

Court on appeal'" (alteration in original) (citation omitted)). Here, as in *Aponte*, the notice of the right to appeal explained to Plaintiff the deadline to file a notice of appeal, laid out the rules concerning the appeal period, and included a one-page notice of appeal for Plaintiff to fill out. Indeed, as the Supreme Court in *Pioneer* held, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392 (quoting Fed. R. Civ. P. 6(b)(1)(B)). Given that the notice of the right to appeal describes in detail the information Plaintiff needed to know concerning how to properly file a notice of appeal, coupled with the fact that the notice of appeal itself is a one-page document calling for only basic information, Plaintiff's explanation that she is currently *pro se*, and thus she "needed additional time to learn how to" file her notice of appeal does not amount to excusable neglect. (Pl.'s Mot.) Additionally, "while a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them." *Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir. 1995) (citations omitted). Therefore, Plaintiff has not met her burden under Rule 4(a)(5).

Therefore, Plaintiff's *pro se* motion for an extension of time to appeal this Court's Order, (ECF No. 41), is DENIED. Plaintiff's *pro se* motion for leave to proceed *in forma pauperis* on appeal, (ECF No. 42), is also DENIED. The Clerk of Court is directed to close the motions accordingly.

Dated: New York, New York
      December 20, 2019

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

5